# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## PHILADELPHIA DIVISION

| | |
|---|---|
| **In re:**<br><br>**Allan Rell**<br>        **Debtor**<br>**Phyllis Y Rell**<br>        **Joint Debtor**<br>**PHH MORTGAGE CORPORATION**<br>        **Movant**<br>**v.**<br>**Allan Rell**<br>**Phyllis Y Rell**<br>         **Debtor/Respondent**<br>**SCOTT F. WATERMAN, Esquire**<br>        **Trustee/Respondent** | **Bankruptcy No. 19-11124-amc**<br><br>**Chapter 13**<br><br>**Hearing Date: August 2, 2023**<br>**Hearing Time: 11:00 a.m.**<br>**Location: 900 Market Street, Suite 204 Philadelphia, PA 19107**<br>**Courtroom # 4** |

### MOTION OF PHH MORTGAGE CORPORATION FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT PHH MORTGAGE CORPORATION TO FORECLOSE ON 537 W RICHARDSON AVE, LANGHORNE, PA 19047

Secured Creditor, PHH Mortgage Corporation, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor(s), Allan Rell and Phyllis Y Rell, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on February 23, 2019. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

2. On May 22, 2014, Allan H Rell and Phyllis Y Rell executed and delivered an Adjustable-Rate Note Home Equity Conversion ("Note") and Adjustable Rate Open-End Home Equity Conversion Mortgage ("Mortgage") securing payment of the Note up to a maximum principal amount of $382,500.00 to Liberty Home Equity Solutions, Inc. A true and correct copy of the Note is attached hereto as Exhibit "A."

3. The Mortgage was recorded on June 4, 2014 in Instrument Number 2014027793 of the Public Records of Bucks County, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as Exhibit "B."

4. The Mortgage was secured as a lien against the Property located at 537 W Richardson Ave, Langhorne, PA 19047, ("the Property").

5. The loan was lastly assigned to Ocwen Loan Servicing, LLC and same was recorded with the Bucks County Recorder of Deeds on April 11, 2019, as Instrument Number 2019017141, which has since merged into PHH Mortgage Corporation. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "C."

6. Based upon the Debtor(s)' Amended Chapter 13 Plan (Docket No. 17), the property is treated outside of the plan. A true and correct copy of the Amended Chapter 13 Plan is attached hereto as Exhibit "D."

7. The terms and conditions of the Note and Reverse Mortgage are in default due to failure to perform an obligation under the Reverse Mortgage by failing to maintain property taxes and insurance.

8. Due to the Debtor's failure, on January 30, 2023, Secured Creditor advanced funds in the amount of $3,133.00 to obtain hazard insurance to protect the property. And due to the Debtor's failure, Secured Creditor advanced funds for Taxes in the amount of $181.35,

$228.68, and $1,695.41, on October 26, 2020, October 12, 2021, and October 15, 2021. See Exhibit "E."

9. As of June 15, 2023 the current unpaid principal balance due under the loan documents is approximately $142,152.16. Movant's total claim amount, itemized below, is approximately $217,676.92. See Exhibit "F."

| Principal Advances | $142,152.16 |
|---|---|
| Interest | $49,732.51 |
| MIP | $25,040.12 |
| Intra Month Per Diem | $752.13 |
| Total Amount Due | $217,676.92 |

10. According to the Debtor(s)' schedules, the value of the property is $211,500.00. A true and accurate copy of the Debtor(s)' Schedule A/B is attached hereto as Exhibit "G."

11. Thus, as of June 15, 2023, the Debtor's post-petition arrearage totaled the sum of $5,238.44.

12. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay for "cause" which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the stay under Section 362(d)(1) is established where a debtor has failed to make installment payments or payments due under a court-approved plan, on a secured debt, or where the Debtor(s) have no assets or equity in the Mortgaged Property.

13. As set forth herein, the Debtors defaulted on the secured obligation having failed to maintain sufficient property insurance and property taxes associated with the subject property which Secured Creditor ultimately advanced.

14. As a result, cause exists pursuant to 11 U.S.C. § 362(d) of the Code for this Honorable Court to grant relief from the automatic stay to allow Secured Creditor, its successor and/or assignees to pursue its state court remedies, including the filing of a foreclosure action.

15. Additionally, once the stay is terminated, the Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit PHH Mortgage Corporation to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), and for any such further relief as this Honorable Court deems just and appropriate.

Date: July 12, 2023

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorney for Secured Creditor
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7112
By: /s/ Michelle L. McGowan
Michelle L. McGowan
PA Bar Number 62414
Email: mimcgowan@raslg.com